**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF GREENE STREET FUNDING TRUST II, *Plaintiff,* <br><br> v. <br><br> 6V2-2921 CECIL BM LLC AND SHAWN HENDRICKS, *Defendants.* | NO: |

## COMPLAINT

Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee of Greene Street Funding Trust II, by and through its undersigned counsel, hereby complains against Defendants as follows:

## I.   PARTIES, JURISDICTION AND VENUE

1.      The Plaintiff is U.S. Bank Trust National Association, not in its individual capacity but solely as trustee of Greene Street Funding Trust II ("Plaintiff"), with an address in care of RF Mortgage Services Corporation, 550 W. Adams Street, Suite 950, Chicago, IL 60661.

2.      Defendant, Shawn Hendricks ("Hendricks"), is a citizen of the Commonwealth of Pennsylvania, and upon information and belief, he resides at 3675 Market Street, Suite 200, Philadelphia, PA 19104 or 1011 Stanford Drive, Wynnewood, PA 19096.  Hendricks is a guarantor of the loan secured by the real Property hereinafter described.

3. Defendant, 6V2-2921 Cecil BM LLC, by and through its member Hendricks ("6V2-2921" or "Mortgagor"), is a limited liability company incorporated under the laws of the Commonwealth of Pennsylvania, and has an address of 3675 Market Street, Suite 200, Philadelphia, PA 19104 and 6V2-2921 has an interest in the real property located at 2921 Cecil B Moore Avenue, Philadelphia, PA 19121 (the "Property" or the "Mortgaged Premises"). 6V2-2921 is the mortgagor and real owner of the real Property hereinafter described.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a), as the cause of action arose here and the Property that is the subject of this action is situated here.

## II. FACTS

6. On or about December 20, 2022, in consideration of a loan in the principal amount of $504,750.00, 6V2-2921 executed and delivered to Logan Finance Corporation, a note (the "Note"). A true and correct copy of the Note is attached hereto and marked as Exhibit "A" and made a part hereof.

7. On or about December 20, 2022, in consideration of the loan in the principal amount of $504,750.00, Hendricks, executed and delivered to Logan Finance Corporation, a personal Guaranty agreement (the "Guaranty"). A true and correct copy of the Guaranty agreement is attached hereto and marked as Exhibit "B" and made a part hereof.

8.    To secure the obligations under the Note, 6V2-2921 executed and delivered to Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Logan Finance Corporation, its Successors and Assigns a mortgage dated December 20, 2022, and recorded December 22, 2022, in the Office of the Recorder for Philadelphia County, as Instrument Number 54134039 (the "Mortgage").   A true and correct copy of the Mortgage is attached hereto and marked as Exhibit "C" and made a part hereof.

9.    The Mortgage secures the following real property (the "Mortgaged Premises"): 2921 Cecil B Moore Avenue, Philadelphia, PA 19121.  A true and correct copy of the legal description of the Mortgaged Premises is attached hereto and marked as Exhibit "D" and made a part hereof.

10.    The Plaintiff, directly or through an agent, has possession of the Note, which has been duly endorsed. Therefore, the Plaintiff has the right to enforce the Note.

11.    The Plaintiff is the proper party by way of an Assignment of Mortgage (the "Assignment"), dated May 22, 2026, and recorded in the Recorder of Deeds for Philadelphia County on May 27, 2026, as Document ID Number 54556531. A true and correct copy of the Assignment of Mortgage is attached hereto and marked as Exhibit "E."

12.    6V2-2921 is the record and real owner of the Mortgaged Premises.

**COUNT I**
**MORTGAGE FORECLOSURE**
**PLAINTIFF v. 6V2-2921, BY AND THROUGH ITS MEMBER HENDRICKS**

13.    The allegations of paragraph 1 through 12 are incorporated herein as though set forth at length.

14.    The Note and the Mortgage are in default because the monthly payments due February 1, 2026, and thereafter have not been paid.  As a result, the entire principal

balance and all interest due thereon have become due and payable with late charges, escrow deficit, and all costs of collection including, but not limited to, title search fees and reasonable attorney's fees.  As a result of the default under both the Note and the Mortgage, the Guaranty is likewise in default.

15.    As of June 18, 2026, the following amounts are due on the Mortgage and Note:

| | |
|---|---|
| Unpaid Principal Balance | $494,200.81 |
| Interest (Good Through July 17, 2026) | $25,353.53 |
| Cumulative Late Charges | $796.60 |
| FC Fees | $1,500.94 |
| Prepayment Penalty | $18,433.63 |
| Lender Corporate Advances | $210.00 |
| Escrow Reserve Balance | $11,391.36 |
| Lien Release Fee | $250.00 |
| Wire Fee | $10.00 |
| **Total Amount Due** | **$552,146.87** |

*\* Non-Interest Bearing*

The current interest rate is 9.375%.  *Per diem* interest in the amount of $128.70 will accrue on the principal unless there is an interest rate change as set forth in the Note.

16.    Pennsylvania laws Act 6 of 1974 and Act 91 of 1982 are not applicable as this action involves a commercial loan. Notice of default as required by the terms of the Mortgage have been sent to the Defendants.  Copies of the Notices, redacted to remove confidential account information, are attached hereto and marked as Exhibit "F" and made a part hereof.

**WHEREFORE**, the Plaintiff requests judgment against Defendant 6V2-2921 under Count I in the sum of **$552,146.87**, together with interest, costs (including additional escrow advances), and additional attorney's fees and costs, and for United States Marshall's foreclosure sale of the Mortgaged Premises.

### COUNT II
### BREACH OF CONTRACT
### PLAINTIFF v. 6V2-2921, BY AND THROUGH ITS MEMBER HENDRICKS

17.    Plaintiff incorporates by reference paragraphs 1 through 16 as though set forth at length.

18.    By virtue of the default of 6V2-2921 under the subject Mortgage/Note obligation, Plaintiff is entitled to the entry of an *in personam* money judgment against 6V2-2921 for the total amounts due and owing set forth herein, **$552,146.87.**

**WHEREFORE**, Plaintiff demands judgment against 6V2-2921 under Count II in the sum of **$552,146.87** together with interest from January 1, 2026, at the rate set forth in the Note through the date of judgment, and other costs and charges collectible under the Note.

### COUNT III
### BREACH OF GUARANTY AGREEMENT
### PLAINTIFF v. HENDRICKS

19.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 18 as though set forth at length herein.

20.    By virtue of the default of 6V2-2921 under the subject Mortgage/Note obligation, the Guaranty is likewise in default.  Therefore, Plaintiff is entitled to the entry of an *in personam* money judgment against Guarantor Hendricks for the total amounts due and owing set forth herein, **$552,146.87.**

**WHEREFORE,** Plaintiff demands judgment against Guarantor Hendricks under Count III in in the sum of **$552,146.87** together with interest from January 1, 2026, at the rate set forth in the Note through the date of judgment, and other costs and charges collectible under the Guaranty.

Respectfully submitted,

Date: June 30, 2026

/s/ Stephen M. Hladik

Stephen M. Hladik, Esq., ID No. 66287
Robert W. Williams, Esq., ID No. 315501
298 Wissahickon Avenue
North Wales, PA 19454
(215) 855-9521
shladik@hoflawgroup.com
rwilliams@hoflawgroup.com
*Attorneys for Plaintiff*